FILED
SEP 2 0 2007
SEP. 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

Lisa Noble
2441 South 13th Ave.
Broadview, IL 60155

Plaintiff,

v.

Monterey Financial Services, Inc.
c/o CT Corporation System, Registered Agent
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Defendant.

07CV5326
JUDGE CASTILLO
MAG. JUDGE ASHMAN

COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or around June 12, 2007, Plaintiff informed Defendant that Plaintiff was represented by an attorney for bankruptcy and Defendant refused to note Plaintiff's attorney information.

10. During the communication referenced above, Defendant told Plaintiff that Plaintiff could not file bankruptcy.

11. During the communication referenced above, Defendant told Plaintiff to be an adult and pay her bills.

12. During the communication referenced above, Defendant accused Plaintiff of stealing.

13. During the communication referenced above, Defendant threatened to garnish Plaintiff's wages.

14. On or around June 18, 2007, Defendant contacted Plaintiff again despite Plaintiff's notice of representation.

15. During the communication referenced above in paragraph 14, Plaintiff reiterated her notice of representation to the Defendant and Defendant again refused to note the Plaintiff's attorney information.

16. During the communication referenced above in paragraph 14, Defendant again threatened to garnish Plaintiff's wages.

17. During the communication referenced above in paragraph 14, Defendant again accused Plaintiff of stealing

18. At the time of the above communications, Plaintiff was unemployed.

19. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

20. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

    a. Judgment against Defendant for statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Timothy J. Sostrin
Bar ID # 6290807
Attorney for Plaintiff
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866-339-1156
Email: tjs@legalhelpers.com